No. 2414 —Byrne, Vance & Co. v. William Mithoff.

An *alias fieri facias* can not issue where an injunction has been granted restraining the plaintiff and the sheriff from executing the original *fieri facias*, and if a second *fieri facias* has improvidently issued, the proper action of the court *a qua* is to quash it

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Cooley & Phillips*, for plaintiffs and appellants. *Roselius & Phillips*, for defendant and appellee.

Howell, J. The defendant having a judgment against the plaintiffs, caused execution to issue and property to be seized, whereupon the plaintiffs obtained an injunction on various grounds, prohibiting the defendant and the sheriff "from executing or enforcing or attempting to enforce the writ of *fieri facias* issued out of" said court. Upon trial the injunction was made perpetual. An *alias fieri facias* was issued and the plaintiffs took a rule to quash and annul the same, on the ground that the defendant had been "perpetually injoined and prohibited from enforcing the said judgment in his favor," by the aforesaid judgment in the injunction suit. This rule was dismissed and the plaintiffs appealed. They base their proceeding on the assertion that the word *on*, as copied in the record, is *or* in the original judgment in

the following sentence: "That defendant, William Mithoff, and Thomas L. Maxwell, sheriff of the parish of Orleans, be and they are hereby prohibited and injoined from executing and enforcing or attempting to execute or enforce the writ of *fieri facias on* the judgment rendered by the late Sixth District Court" etc., and they have brought up the original judgment and the minute book of the court to establish their assertion.

Conceding that the word is *or* instead of *on,* we can not adopt the ·conclusion of the plaintiffs. They did *not ask* the judgment against them to be annulled, and the only question before the district judge in that proceeding was, in the language of the court, whether the writ of *fieri facias,* which issued therein, was authorized by the judgment. It is not denied, continued the judge, "that at some future time the judgment would warrant the writ; but it is contended that it was ·issued prematurely," and be so held, saying, "I am of opinion the injunction must be perpetuated and the writ complained of be quashed."

Construing the judgment, as we must do, with reference to the pleadings and questions before the court, we are satisfied that the judgment was not injoined if it be permissible to injoin a judgment and have it in vigor. The word *or* was evidently a clerical error, and the judge *a quo* did not err in dismissing plaintiffs' rule to quash the alias writ.

Judgment affirmed.